IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| ANTHONY D. CAMPBELL, | ) | CASE NO. 7:16CV00584 |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| DR. JOHN SHERRILL, | ) | By: Norman K. Moon |
| | ) | United States District Judge |
| Defendant. | ) | |

Anthony Dean Campbell, a Virginia inmate proceeding *pro se*, filed this civil rights action under 42 U.S.C. § 1983, alleging that a jail doctor provided him with inadequate medical care for back pain. After review of the record, I conclude that defendants' motion to dismiss must be granted.

## I. Facts as Alleged

On May 15, 2016, while Campbell was incarcerated at the Bristol City Jail ("the jail"), he allegedly "was assaulted by officer Galvez" and "end[ed] up with back injury."[1] Comp. 2, ECF No. 1. A nurse "prescribed Tylenol or Ibuprofen for a few days." Pl.'s Resp. 2, ECF No. 30. "[I]t took one month for the jail doctor to agree to see" Campbell. Comp. at 2. Campbell was dissatisfied with the doctor's findings and treatment.

On July 18, 2016, Campbell wrote an inmate grievance, stating:

I have again requested that my arm and back be look[ed] at there has been no improvement in my arm and my back has gotten worse. My request[s] have been ignored and I am suffering.

---

[1] Campbell's complaint itself offers few details about what happened to him. Thus, as part of my obligation to construe *pro se* pleadings liberally to allow the development of a potentially meritorious case, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), I will consider all of Campbell's submissions as amendments to his allegations and summarize them here, in the light most favorable to him. See ECF Nos. 1, 4, 9, 15, and 30).

> I would like to have a second opinion and X-rays, and/or MRI. These problems weren't with me until the incident happened here, so I would like to have it fixed.

Add'l Evid. 1, ECF No. 4. A sergeant responded: "You hav[e]n't been ignored, the Jail Physician has examined your issues and he has spoken with you about these issues. I will again ask [him] if he would like to see you again." *Id.*

Campbell appealed this response, complaining of pain in his arm and worsening pain in his back and leg, and asking again for a second opinion, X-rays and an MRI. In August 2016, officers responded that Dr. Sherrill, from his examination of Campbell, believed his "injuries [were] associated to long term degeneration" and did not "warrant further diagnosis or treatment" at that time. *Id.* at 2. Campbell appealed, repeating his complaints and stating his belief that the doctor's findings were "wrong." *Id.* The sheriff responded to Campbell's final appeal: "Mr. Campbell, I have reviewed your grievance and your medical treatment regarding your complaints. I am aware that Dr. Sherrill has advised you that your condition does not warrant further diagnosis or treatment at this time. We are not in a position to override the jail doctor's advice/treatment." *Id.* at 3.

On August 22, 2016, Campbell filed a § 1983 lawsuit against the sheriff's office. *See Campbell v. Bristol Virginia Sheriff's Office*, No. 7:16CV00388 (W. D. Va. Nov. 2016) (dismissed without prejudice).[2] At some point, Dr. Sherrill ordered an MRI of the lumbar spine that Campbell underwent on September 21, 2016. The report of the MRI findings indicated "degenerative endplate changes" and "intervertebral osteochondrosis L4-5 and L5-S1 with

---

[2] In this prior § 1983 case, the court notified Campbell that he had not stated any § 1983 claim against the sheriff's office and directed him to amend. Campbell amended, but failed to identify a defendant subject to suit under § 1983. Thereafter, without directing the court to serve the amended complaint on anyone, I summarily dismissed the action without prejudice.

midline disc extrusions at both levels causing mild central canal stenosis."[3] Pl.'s Resp. Ex. A, ECF No. 30-1.

In the present case, Campbell sues the jail doctor, Dr. John D. Sherrill,[4] seeking monetary damages. Dr. Sherrill has filed a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, and Campbell has responded, making this matter ripe for consideration. As relief, he seeks compensation for pain and suffering.[5]

## II. Standard of Review

"In ruling on a 12(b)(6) motion, a court must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cty., Md.*, 684 F.3d 462, 467 (4th Cir. 2012); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "[L]egal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts" and thus, need not be taken as true. *Nemet Chevrolet, Ltd. V. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). "[T]he complaint must be dismissed if it does not allege 'enough facts to state a claim to relief that is plausible on its face.'" *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008).

---

[3] Nothing in the record defines the terms on the MRI report.

[4] In the initial complaint in the instant § 1983 action, Campbell once again named the sheriff's office as the only defendant. After the court twice notified him that § 1983 authorizes suits against a "person" acting under color of state law, Campbell identified Dr. Sherrill as the defendant.

[5] On July 5, 2017, Campbell notified the court that he had been transferred to the Southwest Virginia Regional Jail.

3

## III. Discussion

Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. *See Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). The Eighth Amendment guarantees prisoners freedom from cruel and unusual punishment. U.S. Const. amend. VIII, § 3. As such,

> [a] prisoner has a constitutional right to the medical care necessary to address his serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976). And a prison official's "deliberate indifference to an inmate's serious medical needs constitutes cruel and unusual punishment under the Eighth Amendment." *See Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014). The necessary showing of deliberate indifference can be manifested by prison officials in responding to a prisoner's medical needs in various ways, including intentionally denying or delaying medical care, or intentionally interfering with prescribed medical care. *See Estelle*, 429 U.S. at 104-05. Importantly, a judicial assessment of deliberate indifference has two aspects—an objective inquiry and a subjective inquiry. *See Jackson*, 775 F.3d at 178.
>
> To satisfy the objective inquiry of a deliberate indifference claim, "the inmate's medical condition must be serious—one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *See Jackson*, 775 F.3d at 178 (internal quotation marks omitted). A medical condition is shown as objectively serious when it "would result in further significant injury or unnecessary and wanton infliction of pain if not treated." *See Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010). To satisfy the subjective inquiry of a deliberate indifference claim, the plaintiff must show that the public official "knows of and disregards an excessive risk to inmate safety or health." *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A deliberate indifference claim must satisfy a high bar, and that bar is not met by showing that "an official should have known of a risk; he or she must have had actual subjective knowledge of both the inmate's serious medical condition and the excessive risk posed by the official's action or inaction." *See Jackson*, 775 F.3d at 178.

*Formica v. Aylor*, No. 16-7418, 2018 WL 3120790, at *7-8 (4th Cir. June 25, 2018) (unpublished).[6]

---

[6] It is not clear from Campbell's pleadings whether he was a pretrial detainee or a convicted felon at the time he was under Dr. Sherrill's care. A pretrial detainee's claims concerning conditions of confinement arise under the Due Process Clause of the Fourteenth Amendment, rather than under the Eighth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 535-540

4

I will assume without finding, for purposes of this opinion, that the pain Campbell suffered in his arm, leg, and back after the May 15, 2016, incident qualified as a serious medical need. Campbell's claim fails, however, on the subjective inquiry of the deliberate indifference analysis—whether Dr. Sherrill "knew of and disregarded" any "excessive risk[s]" to Campbell's health from his delay in ordering an MRI. *Formica*, 2018 WL 3120790, at *9.

> That inquiry is a factual one "subject to demonstration in the usual ways, including inference from circumstantial evidence." *See Farmer*, 511 U.S. at 842. A factfinder is entitled, in appropriate circumstances, to "conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." *Id.* Indeed, jail officials "may not simply bury their heads in the sand and thereby skirt liability" by, for example, refusing to "verify underlying facts that [they] strongly suspected to be true, or . . . declin[ing] to confirm inferences of risk that [they] strongly suspected to exist." *See Makdessi v. Fields*, 789 F.3d 126, 133-34 (4th Cir. 2015) (internal quotation marks omitted). As the Supreme Court has recognized, when a medical professional of a jail facility knows of a serious medical need, the Eighth Amendment requires reasonable action. *See Farmer,* 511 U.S. at 844.

*Id.*

On the other hand, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106. Thus, the deliberate indifference standard requires facts showing more than a "mere error of judgment or inadvertent failure to

---

(1979). In the context of medical care in jail, however, the substantive legal principles to be applied to the plaintiff's claims are the same. Under the Due Process Clause, a government official violates the constitutional rights of a pretrial detainee when he knows of but disregards a serious risk of harm to the detainee. *See Parrish ex rel. Lee v. Cleveland*, 372 F.3d 294, 302 (4th Cir. 2004) (citing *Farmer*, 511 U.S. at 837).

provide medical care, or [a patient's] mere disagreement concerning questions of medical judgment." *Germain v. Shearin*, 531 F. App'x 392, 395 (4th Cir. 2013) (unpublished).[7]

Campbell has not presented facts showing that he was denied access "to the medical care necessary to address his serious medical needs." *Formica*, 2018 WL 3120790, at 7. No one at the jail denied Campbell medical care. The same day as Campbell's alleged May 15 altercation with Officer Galvez, medical staff were available, assessed his condition, and provided pain medication. Dr. Sherrill himself physically examined Campbell within a month after the incident. From this first visit, Campbell disagreed with various medical judgments the doctor made. He believed that the initial examination should have occurred earlier than it did. He also disagreed with the doctor's diagnosis—that his pain resulted from degenerative conditions that did not require immediate further treatment or diagnostic evaluation or testing. Campbell further believed that his condition warranted further diagnostic testing and a second opinion much sooner than September.

Campbell's mere preference for a different treatment timetable than Dr. Sherrill judged to be medically appropriate cannot support a constitutional claim. Moreover, Campbell has not presented facts showing that the results of the MRI differed from the doctor's initial impression that degenerative changes, rather than recent injuries, were the primary source of Campbell's pain. He also has not demonstrated that the MRI results reflected any marked differences in the treatment recommendations for his condition. Even if Campbell could make such showings, however, I conclude that a four-month delay in providing the inmate an MRI, with no evidence that he was denied access to medical care, was not so unreasonable as to constitute deliberate indifference. At the most, the record evidence and allegations suggest medical negligence in

---

[7] I have omitted internal quotation marks, alterations, and/or citations here and elsewhere in the opinion, unless otherwise noted.

6

diagnosis and treatment decisions—and such actions are not cognizable under § 1983. *Estelle*, 429 U.S. at 106.

## IV. Conclusion

For the stated reasons, I conclude that Campbell fails to state a claim upon which relief can be granted. Therefore, I will grant defendant's motion to dismiss Campbell's claims under § 1983.

ENTERED: This 27th day of July, 2018.

*[signature]*
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE